Per Curiam.
An indictment, framed under section 24 of the crimes act (S. & C. 411), charging the defendant with the crime of maliciously shooting another person with inteut to kill, will sustain a conviction for assault and battery.
The description of the crime, as declared in said section, namely, “That if any person shall maliciously shoot, stab, •or shoot at, any other person with intent to kill, wound, or maim such person, etc.,” contains all the elements of an aggravated assault; and an indictment charging the crime of maliciously shooting with intent to kill, necessarily includes all the elements of the offense of assault and battery.
In such cases, the rule, that where the offense charged consists of different degrees, “the jury may find .the defendant not guilty of the degree charged, and guilty of any degree inferior thereto,” is applicable. Criminal Code, sec. 168, 66 Ohio L. 312.
Where, on the trial of an indictment for malicious shooting with intent to kill, the jury return for their verdict, that they “find the defendant guilty of shooting with intent to kill, while in a fit of passion and excitement, but without malice,” it is not error for the court to refuse to receive such "verdict, and to require the jury to further consider the case.
Such informal verdict is not equivalent to a general verdict of “ not guilty,” although it may not be good as a verdict of “guilty of assault and battery.”

Motion overruled.